UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARKAS PLASTIC SURGERY,<br><br>       Plaintiff,<br><br>-against-<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>       Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Farkas Plastic Surgery ("Plaintiff"), on assignment of A.H. ("Patient"), by and through its attorneys Gottlieb and Greenspan, LLC, and Cohen Howard LLP, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practice registered to do business in the State of New Jersey with a principal place of business at 191 Devon Road, Tenafly, New Jersey 07670.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance plan at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

**FACTUAL BACKGROUND**

4. Plaintiff is a medical practice specializing in plastic surgery.

5. On November 12, 2019, Plaintiff's primary physician, Jordan P. Farkas, M.D., performed emergency surgical treatment on A.H. ("Patient") after he fell and lacerated his eyelid. (*See*, **Exhibit A**, attached hereto.)

6. At the time of his treatment, Patient was the beneficiary of an employer-based health insurance plan for which Defendant served as Claims Administrator.

7. Patient assigned his applicable health insurance rights and benefits to Plaintiff.

8. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

9. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment in the total amount of $30,764.00. (*See*, **Exhibit C**, attached hereto.)

10. In response to Plaintiff's HCFA, Defendant issued payment in the total amount of $977.78 and applied an additional $764.00 towards Patient's liability. (*See*, **Exhibit D**, attached hereto.)

11. Defendant indicated in its explanation of benefits ("EOB") that the additional $29,022.22 in Plaintiff's charges was neither Patient's nor Defendant's responsibility even though Plaintiff never agreed to any such arrangement. *Id*.

12. Plaintiff submitted multiple internal appeals to Defendant challenging Defendant's reimbursement as inconsistent with the terms of Patient's insurance plan.

13. However, Defendant failed to issue any additional reimbursement in response to Plaintiff's internal appeals.

14. Upon information and belief, Defendant has failed to issue reimbursement for the medical treatment provided to Patient in accordance with the terms of her insurance plan.

15. Specifically, under the terms of Patient's insurance plan, out-of-network emergency treatment is subject to reimbursement in a manner that imposes no greater cost-sharing on the patient than if the treatment was performed by a network provider.

16. However, by paying Plaintiff a unilaterally determined rate, Defendant failed to limit Patient's cost-sharing to the amount that would apply if the treatment was performed by a network provider because, ultimately, a significant portion of Plaintiff's charges remains unpaid.

17. Indeed, Defendant attempted to mask its failure to limit Patient's cost-sharing to the in-network liability by misrepresenting Patient's cost-sharing in the EOB as $764.00 even though $29,022.22 was left unpaid.

18. As a result, Plaintiff has been damaged in the amount of $29,022.22.

19. Accordingly, Plaintiff brings this action for recovery of the outstanding balance.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Plaintiff avers this Count to the extent ERISA governs this dispute.

22. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

23. Plaintiff has standing to seek such relief based on the assignments of benefits obtained by Plaintiff from Patient.

24. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

25. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

26. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $29,022.22;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under her applicable insurance plans or policies issued by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.


Dated: Oakland, New Jersey
       April 10, 2023

                                         **GOTTLIEB AND GREENSPAN, LLC**
                                         *Attorneys for Plaintiff*


By:  /s/ Michael Gottlieb
     Michael Gottlieb
     169 Ramapo Valley Road, Suite ML3
     Oakland, NJ 07436
     (201) 644-0896



                                         **COHEN HOWARD, LLP**
                                         *Attorneys for Plaintiff*


By:  /s/Leslie Howard
     Leslie Howard
     766 Shrewsbury Avenue, Suite 200
     Tinton Falls, NJ 07724
     732-747-5202